UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN LEVELLE DAVIS,

   Plaintiff,

 v.              Case No. 08-C-305

MILWAUKEE POLICE DEPT., et al.,

   Defendants.

## ORDER

  Plaintiff Davis, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In this court's screening order, I noted that Davis had an identical earlier action dismissed for failure to prosecute. Although his complaint stated that the action had been dismissed "without prejudice," that is not the case.

  Davis' earlier case, No. 05-C-1353, was dismissed, following a warning, on December 20, 2006 for failure to prosecute after Davis had failed to keep the court and the defendants apprised of his address for several months. Although neither Judge Stadtmueller's order nor judgment used the term "with prejudice," it is clear that the dismissal was on the merits. First, as a general rule, dismissal for failure to prosecute is a dismissal on the merits – it is, in effect, the ultimate sanction a court can hand down. *Ball v. City of Chicago,* 2 F.3d 752, 755 (7th Cir. 1993). Indeed, as the Defendants' counsel has pointed out, Rule 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Second, it is clear that Judge Stadtmueller viewed the dismissal as being with prejudice. In his order, he noted that dismissal for failure to prosecute was a severe sanction warranted only in extreme cases of neglect. Given the severity of the sanction, Judge Stadtmueller followed circuit precedent and issued Davis a last warning before dismissing the case. *See, e.g., Kruger v. Apfel,* 214 F.3d 784, 787 (7th Cir. 2000). The requirement that a judge must warn a plaintiff before dismissing his case for failure to prosecute stems from the fact that such a dismissal is *with* prejudice:

> We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff. However, the rule was adopted specifically for situations in which claims are dismissed with prejudice. Because a plaintiff may refile the same suit on the same claim, dismissal without prejudice does not constitute such a harsh sanction and does not foreclose a determination on the merits. In such a circumstance, an explicit warning is not normally required.

*Sharif v. Wellness Intern. Network, Ltd.,* 376 F.3d 720, 725 (7th Cir. 2004) (citations omitted). Thus, the fact that Judge Stadtmueller issued a warning before dismissing the case strongly suggests that the dismissal was intended to be *with* prejudice.

In sum, under Fed. R. Civ. P. 41(b), the dismissal of the Plaintiff's earlier lawsuit was an "adjudication on the merits." As such, he is barred from reinstituting the same suit in this court, and the case is therefore **DISMISSED**.

**SO ORDERED** this 22nd day of July, 2008.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge